# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| FREDDY GONZALES ARENCIBIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> 2401 RESTAURANT CORPORATION <br> d/b/a MARCEL'S RESTAURANT, *et al.*, <br><br> Defendants. | Civil Action No. 09–165 (CKK) |

**MEMORANDUM OPINION**
(March 31, 2010)

Plaintiffs Freddy Gonzales Arencibia, Farzad C. Pazawak,[1] Hamid Guerch, Khalid Chabar, and Carlos Parra (collectively, "Plaintiffs") bring this action on behalf of themselves and all similarly situated employees against Defendants 2401 Restaurant Corporation d/b/a Marcel's Restaurant ("Marcel's") and Robert Weidmaier for violations of various labor and employment discrimination laws. Specifically, Plaintiffs allege in their Amended Complaint that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* ("DCWPCL"), and the D.C. Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.* ("DCHRA"). Presently pending before the Court is Defendants' partial [12] Motion to Dismiss. Defendants move to dismiss Plaintiffs' DCHRA claims as barred by the statute of limitations and for failure to state a claim upon which relief can be granted. Defendants also move to dismiss Plaintiffs' DCWPCL claims against Defendant

---

[1] Defendants assert that Plaintiff Pazawak's name should be spelled "Pazhwak." *See* Defs.' Mem. at 4.

Wiedmaier on the ground that Plaintiffs have failed to allege any basis for holding him individually liable under the DCWPCL. After considering the parties' filings, the applicable authorities, and the record as a whole, the Court finds that all Plaintiffs except Parra and Chabar have failed to state a claim for relief under the DCHRA, and undisputed facts in the record show that any claims by Plaintiffs Parra and Chabar are barred by the statute of limitations. In addition, the Court finds that Plaintiffs' DCWPCL claims must be dismissed against Defendant Wiedmaier because Plaintiffs have not alleged that Wiedmaier was their employer as defined by the statute. Accordingly, the Court shall GRANT Defendants' partial motion to dismiss and partially convert the motion into one for summary judgment and grant it, dismissing Plaintiffs' DCHRA claims and dismissing Plaintiffs' DCWPCL claims against Defendant Wiedmaier.

## I. BACKGROUND

The following facts are taken from the Amended Complaint and must be accepted as true for purposes of a motion to dismiss. Plaintiffs are current or former employees of Defendants at Marcel's, a fine dining restaurant in Washington, D.C. Am. Compl. ¶ 19. Defendant Robert Wiedmaier is an officer of 2401 Restaurant and owner of Marcel's. *Id.* ¶ 20. Wiedmaier was the chef who directed the work of several of the Plaintiffs and was responsible for the supervisory staff who directed the work of several Plaintiffs. *Id.*

During the three years leading up to the filing of the Amended Complaint, Marcel's used a tip pooling arrangement for its wait staff. Am. Compl. ¶ 24. Participating in the tip pool were six full time servers, six full time back servers, two food runners, one bartender, and a manager. *Id.* At the end of each night, the servers' tips would be pooled and allocated as follows: 3% of the total is subtracted for credit card charges, then 70% of the remainder is divided equally

among the servers and manager, with the other 30% divided among the back servers and food runners. *Id.* ¶ 26. In order for an employee to know how much money was earned each night, he would have to stay at the restaurant until all the servers ran their nightly earnings report and then calculate his share of the tip pool. *Id.* ¶ 27. Each employee would then determine his weekly paycheck by adding the amounts earned each night that week. *Id.* Employees were paid with an envelope of cash each Friday based on the previous week's pay period (Sunday through Saturday). *Id.* ¶ 28. The pay envelope did not indicate how many days the employee worked or reflect how much of the tip-pool money was being remitted to the employee and for what shifts. *Id.* ¶ 29. Every two weeks, employees received a pay stub indicating how much money was taken out for taxes, how many hours had been worked, and how much cash had been earned in the two-week period. *Id.* ¶ 30. This system of cash envelopes and pay stubs made it impossible for employees to compare the cash received with the statement on the pay stub. *Id.* ¶ 32.

Plaintiffs allege that Defendants did not keep records of the tips collected. Am. Compl. ¶ 33. They further allege that the payment system was put in place to make it nearly impossible to track the servers' tips. *Id.* ¶ 34. Plaintiff Freddy Gonzales Arencibia questioned the tip calculations throughout his employment and was provided limited documentation to verify his wages. *Id.* ¶ 35. Plaintiffs allege that Defendants' tip-pooling arrangement violated federal regulations and that Plaintiffs were entitled to overtime pay. *Id.* ¶¶ 37, 66-69. Plaintiff Arencibia alleges that he and others were terminated due to their attempt to enforce their rights under the Fair Labor Standards Act. *Id.* ¶ 36.

Plaintiffs Khalid Chabar and Carlos Parra, as a part of a subclass of plaintiffs, allege that they were unlawfully terminated after seeking to take time off work in order to attend religious

3

services or pray. *See* Am. Compl. ¶¶ 38-47. Plaintiff Parra sought time off to worship at Christmas Eve midnight mass, and Plaintiff Chabar sought time off to pray during Ramadan. *Id.* ¶¶ 39-40. Despite asking for time off well in advance, Parra and Chabar were intimidated by one of Marcel's managers, Adnane Kebair, who told them that "your religion is work" and that "this restaurant is your place of worship." *Id.* ¶¶ 41-43. Parra and Chabar, as well as other members of the subclass, were terminated from Marcel's due to their religious observance or constructively discharged by the hostile environment. *Id.* ¶¶ 46-47.

Plaintiff Arencibia, as part of a subclass of plaintiffs, often spoke Spanish during the day with his co-workers in order to the expedite communications and be more efficient in his job. Am. Compl. ¶¶ 48-49. Defendant Wiedmaier told employees that they could not speak Spanish while at work and threatened their jobs if he overheard them speaking Spanish. *Id.* ¶ 50. Plaintiff Arencibia alleges that he was fired immediately by Wiedmaier for speaking Spanish at work. *Id.* ¶ 50.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see*

*also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). However, as the Supreme Court recently made clear, a plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 1950.

In evaluating a motion to dismiss under Rule 12(b)(6), the Court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here

5

a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).

### III. DISCUSSION

Defendants move to dismiss Plaintiffs' DCHRA claims in whole and DCWPCL claims in part for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[2] Specifically, Defendants argue that Plaintiffs' DCHRA claims are time-barred and that Plaintiffs have failed to plead sufficient facts to support them. Defendants also argue that Plaintiffs' DCWPCL claims against Robert Wiedmaier must be dismissed because he was not Plaintiffs' "employer" as defined by the statute. The Court shall consider each of these claims in turn.

### A.  *Plaintiffs' DCHRA Claims*

In their Amended Complaint, Plaintiffs allege that Defendant violated the D.C. Human Rights Act by unlawfully discriminating against certain Plaintiffs on the basis of their religion and/or national origin. The DCHRA makes it unlawful for employers to discriminate against individuals on the basis of race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, family responsibilities, genetic information, disability, matriculation, or political affiliation. *See* D.C. Code § 2-1402.11(a). The

---

[2] Defendants characterize their motion to dismiss on statute of limitations grounds as a motion to dismiss for lack of subject matter jurisdiction. However, because the Court exercises supplemental jurisdiction over Plaintiffs' DCHRA claims pursuant to 28 U.S.C. § 1367, the statute of limitations is nonjurisdictional.

DCHRA also specifically obligates employers to make reasonable accommodations for an employee's religious observance. *See id.* § 2-1402.11(c). Plaintiffs allege that Defendants violated the DCHRA by intimidating employees based on their religious observance, creating a hostile work environment, and actually terminating employees who took time off for religious observance. *See* Am. Compl. ¶ 88-91. Plaintiffs also allege that Defendants violated the DCHRA's ban on religious or national origin discrimination by intimidating workers who spoke Spanish at work. *See id.* ¶¶ 10, 88, 90-93.

Defendants move to dismiss these claims on several grounds. First, Defendants argue that Plaintiffs have failed to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) by failing to plead any facts relating to when the alleged incidents of discrimination occurred or the identities of the individuals involved. Second, Defendants argue that any DCHRA claims are time-barred because the violations necessarily occurred more than one year before this action was filed. Third, Defendants argue that the Amended Complaint fails to state a claim of religious or national origin discrimination against any individuals whose claims may be timely. Because Defendants present facts outside the pleadings in support of their statute of limitations argument, the Court shall address that issue last.

1. <u>Failure to State a Claim upon Which Relief Can Be Granted</u>

Defendants argue that Plaintiffs have failed to satisfy the minimum requirements of Rule 8 because their Amended Complaint does not specifically identify the dates or times when the allegedly discriminatory events occurred, and therefore Defendants cannot possibly determine whether or not Plaintiffs' claims are timely. *See* Def.'s Mem. at 7-8. However, Rule 8 requires only that the complaint contain a "short and plain statement of the claim showing that the pleader

7

is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this Rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). There is no requirement that a plaintiff plead time and place with particularity. Here, the Amended Complaint contains allegations that Plaintiffs Chabar and Parra were terminated due to their religious observance of Ramadan and Christmas Eve, respectively, during their tenure as employees at Marcel's. It also contains allegations that Plaintiff Arencibia was fired for speaking Spanish.[3] Defendants can be reasonably expected to know approximately when these employees were terminated. Accordingly, these allegations are specific enough to give Defendants fair notice of the DCHRA claims being asserted by these three individual Plaintiffs.

However, the Amended Complaint is completely devoid of allegations that Defendants discriminated against Plaintiffs Guerch and Pazawak, and Plaintiffs' generalized allegations of wrongdoing are too conclusory to constitute the basis for a claim. *See, e.g.*, Am. Compl. ¶ 46 ("One or more members of the sub-class were terminated from Marcel's due to his religious observance."); *id.* ¶ ("One or more members of the sub-class were constructively discharge [*sic*] by deciding to observe his religion and not return to Marcels[*sic*].") Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Accordingly, the Court finds that Plaintiffs have failed to meet the minimum standards required by Rule 8 with respect to any DCHRA claims asserted on behalf of Plaintiffs Guerch and Pazawak.

---

[3] Plaintiff Arencibia also alleges that he was fired for seeking to enforce his rights under the Fair Labor Standards Act. *See* Am. Compl. ¶¶ 36, 72-73.

Defendants also move to dismiss Plaintiff Arencibia's DCHRA claim on the ground that the DCHRA does not provide a cause of action for discrimination based on speaking Spanish. In the Amended Complaint, Plaintiffs assert that Defendants' discrimination against the use of Spanish constitutes unlawful discrimination based on religion in violation of the DCHRA. *See* Am. Compl. ¶ 88. However, Plaintiffs have failed to plead any facts suggesting that Arencibia's use of Spanish was connected to his religion. Plaintiffs also appear to claim that Defendants' conduct constitutes unlawful discrimination based on national origin. *See id.* ¶ 10. However, there are no facts pled in the Amended Complaint that suggest that discrimination based on Spanish language was a proxy for discrimination based on national origin. Plaintiffs do not allege any facts relating to Arencibia's national origin or Defendants' knowledge or beliefs about Arencibia's national origin. Thus, Arencibia has failed to plead a claim for relief under the DCHRA. The Court also notes that Plaintiffs failed to address this argument in their opposition to Defendants' motion to dismiss. *See* Pls.' Opp'n at 4 (arguing only that Plaintiffs Parra, Guerch, Chabar, and Pazawak have DCHRA claims). Therefore, alternatively, the Court may treat this argument as conceded. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") To the extent that Plaintiffs seek to assert similar claims on behalf of unnamed class members who were discriminated against for speaking Spanish, their claims also fail.

Based upon a review of the Amended Complaint, the Court finds that Plaintiffs have

failed to state a claim for relief under the DCHRA except as to Plaintiffs Parra and Chabar.

        2.        <u>Statute of Limitations</u>

Defendants next argue that any claims asserted by Plaintiffs Parra and Chabar are barred by the one-year statute of limitations in the DCHRA. *See* D.C. Code § 2-1403.16(a). Defendants argue that Plaintiffs' claims are barred because their causes of action necessarily accrued no later than the dates they were terminated from Marcel's, which occurred in December 2007. Defendants support this contention with a declaration from Lauren Nelligan, the office manager for Marcel's. *See* Def.'s Mem., Ex. 1 (Decl. of Lauren Nelligan). According to Ms. Nelligan, Plaintiff Parra was employed by Marcel's from October 4, 2007 until December 23, 2007, and Plaintiff Chabar was employed by Marcel's from October 13, 2007 until December 19, 2007. *See id.* ¶¶ 3-4.[4] Because Defendants rely on facts outside the pleadings, the Court may not consider these facts without treating Defendants' motion as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).[5]

In their opposition, Plaintiffs do not dispute that they were terminated from Marcel's in 2007, more than a year before they filed this action. Rather, they argue that their claims are not time-barred because they did not realize that discrimination based on religion was unlawful until

---

[4] Ms. Nelligan also declares that Plaintiffs Pazawak and Guerch ended their employment with Marcel's on November 3, 2007 and October 11, 2007, respectively. *See* Nelligan Decl. ¶¶ 5-6. Therefore, the statute of limitations may provide an alternative ground for dismissing any DCHRA claims by Plaintiffs Pazawak and Guerch.

[5] Defendants contend that the Court may consider these facts outside the pleadings as part of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). However, as explained *supra* note 1, the Court exercises supplemental jurisdiction over Plaintiffs' DCHRA claims, so the statute of limitations cannot impose a restraint on this Court's subject matter jurisdiction.

they organized in November 2008. *See* Pls.' Opp'n at 3-4. Plaintiffs thus argue that they did not "discover" the unlawful discriminatory act until after they were terminated and that their claims are timely because they were filed within a year of this discovery. Furthermore, Plaintiffs argue that the exact time of discovery is a question of fact that cannot be resolved without discovery.

Plaintiffs are correct that the DCHRA requires only that actions be brought within a year of the time when an unlawful discriminatory act is discovered. *See* D.C. Code § 2-1403.16(a) ("A private cause of action pursuant to this chapter shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act, or the discovery thereof . . . .") However, Plaintiffs are mistaken in their belief that a plaintiff does not "discover" a discriminatory act until the plaintiff learns that the act is unlawful. The D.C. Court of Appeals has explained that the discovery rule in the DCHRA

> concerns situations where the *fact* of an injury is not readily apparent, and establishes the accrual date for limitations purposes as the time when a plaintiff discovered or should have discovered all of the essential elements of a potential cause of action. Thus, for a cause of action to accrue where the discovery rule is applicable, one must know or by the exercise of reasonable diligence should know (1) of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing. The discovery rule does not apply to circumstances . . . where the plaintiff has failed to discover the relevant law even though the existence of an injury is apparent.

*East v. Graphic Arts Industry Joint Pension Trust*, 718 A.2d 153, 157 (D.C. 1998) (internal citations and quotation marks omitted). Here, the allegations in the Amended Complaint clearly establish that Plaintiffs' injuries were sustained either during their employment with Marcel's or when they were terminated or constructively terminated from that employment. Because Plaintiffs allege that they were harassed and threatened based on their religion during their employment, they cannot claim for purposes of the discovery rule that they were unaware of that

11

discrimination until after they were terminated. Therefore, based on the undisputed facts before the Court, the Court finds that the DCHRA claims asserted by Plaintiffs Parra and Chabar are barred by the one-year statute of limitations. Accordingly, the Court shall treat Defendants' motion to dismiss as a motion for summary judgment and enter judgment in favor of Defendants as to these claims.

Because all of the named plaintiffs' DCHRA claims shall be dismissed and no class has been certified, the Court need not address any claims asserted on behalf of similarly situated individuals. The Court notes, however, that it is not even clear from the Amended Complaint whether Plaintiffs are asserting any religious discrimination claims on behalf of unnamed class members. In paragraph 38 of the Amended Complaint, Plaintiffs define the discrimination subclass as Khalid Chabar and Carlos Parra, and in subsequent paragraphs, Plaintiffs allege facts pertaining solely to Chabar and Parra. *See* Am. Compl. ¶¶ 38-41, 45. Moreover, in the part of the Amended Complaint captioned "Collective Action Allegations," there are no references to any alleged discriminatory acts or violations of the DCHRA. *See id.* ¶¶ 56-63. And in their opposition, Plaintiffs argue only that the named plaintiffs have claims under the DCHRA. *See* Pls.' Opp'n at 4. For the reasons stated above, however, the named plaintiffs have failed to state claims under the DCHRA, and therefore the Court shall dismiss all of Plaintiffs' DCHRA claims from the Amended Complaint.

    B.    *Dismissal of the DCWPCL Claim Against Defendant Wiedmaier*

Plaintiffs allege a cause of action under the D.C. Wage Payment and Collection Law to recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs. *See* Am. Compl. ¶ 84. The DCWPCL obligates "employers" to pay employees' wages shortly after they

resign or are discharged and makes employers liable for wages that are not paid promptly. *See* D.C. Code § 32-1303. Defendant Wiedmaier argues that he cannot be held liable under the DCWPCL because he is not an "employer" as defined by the statute. The DCWPCL defines "employer" as "every individual, partnership, firm, association, corporation . . . or successor of an individual, partnership, firm, association, or corporation, employing any person in the District of Columbia." D.C. Code § 32-1303. Wiedmaier argues that the allegations in the Amended Complaint clearly show that Plaintiffs were employed by Marcel's and not by Wiedmaier.

Plaintiffs allege in their Amended Complaint that they "worked for Marcels [*sic*]" and that Defendant Wiedmaier "is an officer of 2401 Restaurant Corporation and owner of Marcel's Restaurant." *See* Am. Compl. ¶¶ 2, 20. It is not sufficient to allege that Weidmaier owned Marcel's, however, if Plaintiffs were actually employed by the corporate entity operating the restaurant. In *Sanchez v. Magafan*, 892 A.2d 1130 (D.C. 2006), the D.C. Court of Appeals reversed the trial court's entry of summary judgment for a restaurateur, Magafan, who claimed that the plaintiff, Sanchez, was employed by a corporation that ran the restaurant rather than by Magafan personally. *Id.* at 1132-34. The court found that summary judgment was inappropriate because there was evidence in the record that Magafan had personally hired Sanchez independently of the restaurant and had taken personal responsibility for paying Sanchez's salary. *Id.* at 1133. Plaintiffs interpret *Sanchez* as holding that Wiedmaier may be liable for violations of the DCWPCL if he was involved in the employment and argue that his liability is a question of fact. *See* Pls.' Opp'n at 3. However, the *Sanchez* court explained that "the issue of whether Magafan employed Sanchez personally or through a (non-defendant) corporation is uncomplicated," 892 A.2d at 1134, suggesting that the owner of a corporation will not be liable

under the DCWPCL if the plaintiff was actually employed by the corporation. Plaintiffs argue that they have proffered "facts asserting Wiedmaier's knowledge of the restaurants's failure to properly pay its employees" and that Wiedmaier "participated or sanctioned the violation of the tip-pooling exception to FLSA's overtime." *See* Pls.' Opp'n at 3. Regardless of the level of Wiedmaier's involvement, he is not liable unless he was the actual employer, and there are no allegations in the Amended Complaint that the Plaintiffs were employed by Wiedmaier as opposed to (or in addition to) 2401 Restaurant Corporation, doing business as Marcel's Restaurant. Therefore, the Court shall grant Defendant Wiedmaier's motion to dismiss Plaintiffs' DCWPCL claims against him.

## IV. CONCLUSION

The Court finds that all Plaintiffs except Parra and Chabar have failed to plead sufficient facts to state a claim for relief under the DCHRA. The Court finds that Plaintiff Arencibia has failed to state a DCHRA claim because his use of Spanish language in the workplace is not connected to his religion or national origin or any other classification protected under the statute. The Court also finds, based on undisputed facts in the record, that any DCHRA claims asserted by Plaintiffs Parra and Chabar accrued more than one year before this action was filed and are therefore time- barred. Accordingly, Plaintiffs' DCHRA claims shall be dismissed. Finally, the Court finds that Plaintiffs' DCWPCL claims must be dismissed against Defendant Wiedmaier because Plaintiffs have not alleged that Wiedmaier was their employer as defined by the statute.

For the foregoing reasons, the Court shall GRANT Defendants' partial [12] Motion to Dismiss, partially converting the motion to a motion for summary judgment under Rule 56 and GRANTING summary judgment to Defendants with respect to any DCHRA claims asserted by

Plaintiffs Parra and Chabar. The Court shall hold an initial scheduling conference with the parties to set a schedule for proceeding with discovery. An appropriate Order accompanies this Memorandum Opinion.


Date: March 31, 2010

                 /s/
                COLLEEN KOLLAR-KOTELLY
                United States District Judge